**Saul ZAPATA, et al., Plaintiffs,**

v.

**IBP, INC., Defendant.**

**Civ. A. No. 93–2366–EEO.**

United States District Court,
D. Kansas.

July 7, 1995.

John L. Hampton, David W. Hauber, Glenn B. Brown, Boddington & Brown, Chtd., Kansas City, KS, P. John Brady, R. Lawrence Ward, Shughart, Thomson & Kilroy, Kansas City, MO, for plaintiffs.

Nancy M. Landis, Jack L. Whitacre, Spencer, Fane, Britt & Browne, Kansas City, MO, J. Nick Badgerow, Michaela M. Warden, Spencer, Fane, Britt & Browne, Overland Park, KS, Russell P. Wright, IBP, Inc., Dakota City, KS, Paula S. Greathouse, Lawrence, KS, Pamela L. Falk, Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

The court has before it a Motion for Leave to File Second Amended Complaint (doc. 220). Plaintiffs thereby seek leave to amend their first amended complaint to allege that defendant has discriminated against them because of their race as Mexican–American or native-born Mexican. The first amended complaint alleges discrimination only because of their national origin as Mexican–American or native-born Mexican. Defendant opposes the motion upon grounds of untimeliness, lack of any showing of excusable neglect for an untimely motion, and prejudice.

In support of their motion plaintiffs suggest they need to clarify their claims, particularly in view of defense contentions against a pending motion for class certification. Defendants contend that discrimination because of national origin is not actionable under 42 U.S.C. sec. 1981. Plaintiffs would seek to eliminate that contention by amending their pleading. They note, of course, the mandate of Fed.R.Civ.P. 15(a). It provides that leave to amend "shall be freely given when justice so requires."

Defendant notes, on the other hand, that plaintiffs brought this motion ten months after the deadline in the Scheduling Order for motions to amend and after 20 months of discovery on issues relating to class certification. Defendant argues that all its discovery has proceeded upon claims alleging discrimination because of national origin, not race. Defendant further suggests that the motion does not result from any newly gained knowledge about relevant facts, only because of a legal argument which defendant has now asserted to oppose class certification. It argues, therefore, that plaintiffs have shown no excuse for their failure to include race as a basis for alleged discrimination long before the lapsed deadline for motions to amend.

■ The court agrees with defendant. Plaintiffs should have filed this motion long ago, within the deadline set by the Scheduling Order. They have not shown excusable neglect for the amendment at this late date. Discovery has long proceeded upon claims of discrimination, arising from national origin, not race. Although concepts of national origin and race may overlap, the court does not find them necessarily synonymous. National origin suggests a particular geographical area with national boundaries in which a person and his or her ancestors may have lived. Race suggests, on the other hand, human physical characteristics like skin and hair color, body size, and facial features typical of persons of a particular cultural or social background. The court finds it difficult to determine to what extent, if any, these differences may have affected this litigation thus far and thus support the argument of prejudice. In any event, however, the court finds that the motion is indeed untimely and lacks any adequate showing of excusable neglect to justify the untimeliness. Plaintiffs simply have not carried their burden to show that justice requires it in this instance.

■ The court also notes, however, the argument asserted by plaintiff as a footnote to its reply. It suggests that the memorandum of defendant should be disregarded for lack of signature by any counsel admitted to practice before this court. D.Kan.Rule 404(c). The argument may indeed be valid. One attorney, asserting his Missouri Bar number, has signed it. Two other attorneys with Kansas Bar numbers have also signed it ostensibly "by DBB." The court does not know to whom "DBB" refers. Nor does it condone the signing practice which it indicates. Rule 404 requires an attorney who is a member of this court to sign all papers which are filed. The court knows of no rule or accepted practice which authorizes an attorney to sign by delegate or surrogate. The purpose of the rule suggests otherwise. The court can, nevertheless, allow the defect to be timely corrected.

For the foregoing reasons the court will overrule the Motion for Leave to File Second Amended Complaint (doc. 220), provided that Kansas counsel for the defendant personally signs its memorandum (doc. 226) within five days of the date of this Memorandum and Order. If not so signed within that time, the court will treat the memorandum as disregarded. In the latter event the motion would be deemed sustained, and plaintiffs

could forthwith file their Second Amended Complaint.

IT IS SO ORDERED.